**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:  MICHAEL G. HARRIS, II                                    CASE NO. 19-13639-SDM

---

**OXFORD UNIVERSITY BANK**                      **PLAINTIFF-COUNTER DEFENDANT**

**VS.**                                                              **ADVERSARY NO. 19-01069-SDM**

**MICHAEL G. HARRIS, II**                         **DEFENDANT-COUNTER PLAINTIFF
THIRD PARTY PLAINTIFF**

**AND**

**JIM CASSIDY CONSTRUCTION, LLC**

**AND**                                                              **THIRD PARTY DEFENDANTS**

**JIM CASSIDY, INDIVIDUALLY**

### ANSWER, COUNTER-CLAIM AND THIRD PARTY COMPLAINT

COMES NOW, Michael G. Harris, II and files this his Answer to the Amended Complaint objecting to dischargeability of debt together with his Counter-Claim against Oxford University Bank, and Third Party Claim against Jim Cassidy Construction, LLC and Jim Cassidy Individually, as follows:

### Parties and Jurisdiction

1. Admitted

2. Admitted

3. Admitted

4. Admitted

### Factual Background

5. Admitted

6. Defendant admits the allegations of paragraph six of the complaint in so far as executing the Construction Loan Agreement, Note and Personal Guaranty. Defendant also admits that the agreements are attached to the complaint as Exhibit A. The Defendant denies any allegations in paragraph six outside of the four corners of the agreement or which attempt to impute liability to him for breach of contract; misrepresentation; fraud or other theories of recovery.

7. Defendant admits he completed and executed a financial statement which is attached to the complaint as Exhibit B. Defendant denies he made any misrepresentations or that the plaintiff detrimentally relied on Exhibit B.

8. Defendant admits certain schedules were filed in bankruptcy, but denies any misrepresentations were made on the schedules and denies the same entitles plaintiff to the relief sought.

9. Defendant denies the allegations in this paragraph.

10. Defendant denies the allegations in this paragraph.

11. Defendant denies the allegations in this paragraph.

12. Defendant denies the allegations in this paragraph.

13. Lacking sufficient information, the Defendant denies the allegations.

## COUNT I

14. Defendant incorporates responses to paragraphs 1-13 as if fully copied herein.

15. Defendant denies the allegations in this paragraph.

16. Defendant denies the allegations in this paragraph.

17. Defendant denies the allegations in this paragraph.

## COUNT II

18. Defendant incorporates responses to paragraphs 1-17 fully as if copied herein.

19. Defendant denies the allegations in this paragraph.

20. Defendant denies the allegations in this paragraph.

21. Defendant denies the allegations in this paragraph.

## COUNT III

22. Defendant incorporates responses to paragraphs 1-21 as if fully copied herein.

23. Defendant denies the allegations in this paragraph.

24. Defendant denies the allegations in this paragraph.

25. Defendant denies the allegations in this paragraph.

26. Defendant denies the allegations in this paragraph.

## FIRST DEFENSE

27. Each and every count of Plaintiff's Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

28. Defendant's move to dismiss this matter pursuant to Rule 12(b)(6).

## THIRD DEFENSE

29. Defendant is entitled to an off-set set-off credit for any and all sums paid by Defendant on behalf of any other party or collateral source as a result of or related to this lawsuit.

## FOURTH DEFENSE

30. Plaintiff is not entitled to recover to the extent that any damages were caused by Plaintiff's failure to mitigate its damages, or in the alternative, Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

## FIFTH DEFENSE

31. Plaintiff is guilty of contributory negligence which bars recovery that Plaintiff failed to follow established banking regulations and principles covering this construction loan. Specifically, Oxford University Bank did not follow the established banking regulations and principals to monitor the activities of the actual contractor, Jim Cassidy, Individually, and Jim Cassidy Construction, LLC.

## SIXTH DEFENSE

32. Plaintiff's claims are barred by the doctrines of laches, waiver, estoppels, and unclean hands in that the defendant has not defaulted on the terms of this construction loan.

## SEVENTH DEFENSE

33. All allegations contained in Plaintiff's Complaint that are not specifically admitted are denied.

34. Defendant reserves the right to assert any additional defenses which may arise as discovery progresses or otherwise in the course of litigation.

## EIGHTH DEFENSE

35. Plaintiff has failed to state a count in which to base an award of attorney's fees, pre-judgement intent, court costs, and expenses that can be recovered

WHEREFORE, PREMISES CONSIDERED, the Defendant, Mike Harris, II respectfully requests that the Plaintiff's complaint be dismissed in its entirety, with prejudice.

## COUNTERCLAIM AND THIRD PARTY COMPLAINT

AND NOW, having answered the complaint in its entirety and raised defenses at law Defendant, Mike Harris, II, hereby referred to as ("Defendant" or "Counterclaim-Plaintiff" or "Third Party Plaintiff"), asserts the following counterclaim against Oxford University Bank

Counter Defendant, and a Third Party Complaint against Jim Cassidy Individually, and Jim Cassidy Construction, LLC, as follows:

## **Parties**

1. Counter- Plaintiff, Mike Harris, II, is an adult resident citizen of Leflore County, Mississippi.

2. Oxford University Bank, Counter-Defendant, is a Mississippi banking corporation located in Oxford, Mississippi, and may be served with process via their registered agent.

3. Upon information and belief, Third Party Defendant, Jim Cassidy Construction, LLC, is a Mississippi Limited Liability Company whose address is West Oxford Loop, Oxford, Mississippi.

4. Third Party Defendant, Jim Cassidy is an adult resident citizen of Lafayette County, Mississippi, who may be served with process wherever he may be found.

## **Jurisdiction**

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 157(a), as it is a civil proceeding arising under Title 11. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

6. Venue is proper pursuant to 28 U.S.C. §1409 because at all times relevant, all of the Parties resided in this district and all of the wrongful acts and/or omissions complained of herein occurred in this judicial district.

7. Pursuant to Local Rule 7008-1, the Defendant, Third Party Plaintiff consents to this Court's entry of final orders and judgement.

## **COUNTER-CLAIM**

8. Oxford University Bank offered to Mike Harris, II, a construction loan for the purchase and remodel of the house located at 3625 Lyles Drive, in Oxford, Mississippi.

9. The loan terms were to March of 2019.

10. Oxford University Bank ("OUB") foreclosed the property without due cause in October 2018, and initiated a lawsuit against Mike Harris, II even though the loan was not due.

11. "OUB" wholly failed to monitor Jim Cassidy and Jim Cassidy Construction, LLC, who was the actual builder on this project. "OUB" knew Jim Cassidy and Jim Cassidy was the builder. However, "OUB" failed to perform its duty to monitor this project thereby causing Mike Harris, II, damages and lost profits.

12. "OUB" accelerated the loan only after recognizing Cassidy had not performed the remodel jobs as anticipated and thereafter, foreclosed the property seeking all remedies even though the bank knew it had not followed established banking policies and procedures.

WHEREFORE, PREMISES CONSIDERED, Mike Harris II, seeks damages against Oxford University Bank ("OUB") for lost profits and all other damages including assets to which the Counter-Plaintiff may be entitled.

## THIRD PARTY COMPLAINT AGAINST JIM CASSIDY AND JIM CASSIDY CONSTRUCTION, LLC

13. Defendant Jim Cassidy, Individually, consulted on the construction and model of the 3625 Lyles Drive house, in Lafayette County, Mississippi, which is the subject of this litigation. Jim Cassidy made numerous false misrepresentations to the Third Party Plaintiff as to the quality and character of the residence, which they thereafter purchased for construction and remodel.

14. Defendant Jim Cassidy, Individually, and acting on behalf of Jim Cassidy Construction, LLC, gave to the Counter-Plaintiff an estimate to restore and update their residence located

partly in Lot 79 of the City of Oxford, hereinafter referred to as the 3625 Lyles Drive Property.

15. Thereafter, without a written contract, Jim Cassidy Construction, LLC was authorized to work on the residence at 3625 Lyles Drive with a completion date committed of August 28, 2018.

16. Jim Cassidy Construction, LLC, thereafter, began the construction project and was paid for his services.

17. Defendant Jim Cassidy repeatedly revised the projected costs and expenses over the course of the construction. On information and belief, Jim Cassidy Construction, LLC, fraudulently billed and collected on this project for costs including materials and sub-contractors who were never paid by Jim Cassidy or Jim Cassidy Construction, LLC.

18. Jim Cassidy, Individually, is liable to the Third Party Plaintiff for his intentional and/or negligent misrepresentation as to the quality of the 3625 Lyles Drive home and to the costs associated with the re-model of the home in an amount to be proven at a trial of this matter.

19. Jim Cassidy Construction, LLC is liable to the Third Party Plaintiff for the difference in what Jim Cassidy Construction, LLC estimated and either negligently or fraudulently performed and what was actually completed. Harris has been noticed to pay for building supplies and subcontractors for items Cassidy billed for, but where he did not pay them.

WHEREFORE, PREMISES CONSIDERED, the Third Party Plaintiff, Mike Harris, II, prays the Third Party Complaint be received, filed herein and that this Court award Third Party Plaintiff damages against Jim Cassidy, Individually, and Jim Cassidy Construction, LLC, jointly and severely for negligent misrepresentations and fraudulent activities in building and charging for construction costs of this property.

FURTHER, this Court should find Jim Cassidy, Individually, liable for his intentional negligent misrepresentation as to the quality of the home at 3625 Lyles Drive, and the costs associated with the remodel of the home.

Respectfully submitted on this the 31st day of January, 2020.

MIKE HARRIS, II, DEFENDANT

By: */s/ David E. Rozier, Jr*
David E. Rozier, Jr. (MSB #5712)
Jenessa Carter Hicks (MSB #103287)
Rozier Law Firm, PLLC
2091 Old Taylor Road, Ste. 101
PO Box 2388
Oxford, MS  38655
Telephone:    662.234.0065
Facsimile:    662.234.3007
Email: dave@rozierlawfirm.com
            jhicks@rozierlawfirm.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, one of the attorneys for Michael G. Harris II, do hereby certify that I have this day filed the foregoing pleading via ECF, which sent notice of such filing to the following:

Jeffrey A. Levingston
jleving@bellsouth.net, MS01@ECFCBIS.com

David E. Rozier, Jr. on behalf of Defendant Michael G Harris, II
dave@rozierlawfirm.com, pam@rozierlawfirm.com;jhicks@rozierlawfirm.com

William F. Schneller on behalf of Plaintiff Oxford University Bank
wschneller@gmail.com, jones.schneller@gmail.com;jhhurdle13@gmail.com

U. S. Trustee
USTPRegion05.AB.ECF@usdoj.gov

*/s/ David E. Rozier, Jr.*