#### IN THE UNITED STATES BANKRUPTCY COURT
#### FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **OXFORD UNIVERSITY BANK** | **PLAINTIFF** |
| **VS.** | **ADVERSARY NO.:19-01069-SDM** |
| **MICHAEL G. HARRIS, II** | **DEFENDANT-COUNTER PLAINTIFF/THIRD PARTY PLAINTIFF** |
| **AND** | |
| **JIM CASSIDY, INDIVIDUALLY, and JIM CASSIDY CONSTRUCTION, LLC** | **THIRD PARTY DEFENDANTS** |

### RESPONSE TO AFFIRMATIVE DEFENSES AND COUNTER-CLAIM, MOTION TO DISMISS COUNTER-CLAIM AND MOTION TO DISMISS CROSSCLAIM-DEFENDANT

**COMES NOW,** Oxford University Bank, by and through counsel, files this their Answer to Counter-Claim and Cross-Claim filed by Michael G. Harris, II, and H Five, LLC, and state as follows:

1. Paragraphs 1 through 26 require no answer by Oxford University Bank ("OU Bank").

#### ANSWER TO AFFIRMATIVE DEFENSES

2. The allegations contained in the First Affirmative Defense are denied.

3. The allegations contained in the Second Affirmative Defense are denied.

4. The allegations contained in the Third Affirmative Defense are denied.

5. The allegations contained in the Fourth Affirmative Defense are denied. OU Bank

would state all damages are a direct result of Defendant's intentional actions and misrepresentations.

6. The allegations contained in the Fifth Affirmative Defense are denied.

7. The allegations contained in the Sixth Affirmative Defense are denied. Paragraph 16 of the Construction Loan Agreement gives the Plaintiff the right to demand full payment of the loan, at Plaintiff's sole discretion anytime. Nonetheless, the Defendants failed to satisfactorily perform and construct the subject property, diminished the property value, failed to notify Bank of material changes, and made numerous misrepresentations to the Plaintiff.

8. Affirmative Defense Seven, including numbered paragraphs 33 and 34, require no answer by OU Bank.

9. The allegations contained in the Eighth Affirmative Defense are denied.

11. The allegations stated in the un-numbered paragraph beginning with the words "WHEREFORE, PREMISES CONSIDERED", requesting dismissal of OU Bank's complaint are denied.

## ANSWER TO COUNTERCLAIM

1. Paragraph 1, under the heading "Parties" is admitted.

2. The allegation of Paragraph 2 as to the location of OU Bank is admitted.

3. On information and belief, the allegations of Paragraph 3 are admitted.

4. On information and belief, the allegations of Paragraph 4 are admitted.

5. The allegation of Paragraph 5 as to Jurisdiction is admitted.

6. The allegation of Paragraph 6 as to Venue is admitted.

7. Paragraph 7 requires no response from OU Bank.

8. The allegations contained in Paragraph 8 are denied. Mike Harris, II, applied for the loan and made false misrepresentations on the application upon which the Plaintiff reasonably

relied.

9. The allegations in Paragraph number 9 are admitted.

10. The allegations in Paragraph number 10 are denied. Paragraph 16 of the Construction Loan Agreement gives the Plaintiff the right to demand full payment of the loan, at Plaintiff's sole discretion anytime. Nonetheless, the Defendant Harris failed to satisfactorily perform and construct the subject property, diminished the property value, failed to notify Bank of material changes, and made numerous misrepresentations to the Plaintiff.

11. The allegations in Paragraph number 11 are denied. Plaintiff would state that all advances and debits related to the subject loan were made to or by the Defendant Harris directly. Additionally, Plaintiff reasonably relied on Defendant Harris' misrepresentations when approving each and every disbursement, all of which were made directly to Defendant Harris. Further, upon information and belief, Defendant Harris conducted the same scheme to defraud at least two other banks with similar arrangements between the parties. All three properties, including the property subject to this action, were left substantially incomplete and uninhabitable by Defendant Harris.

12. The allegations contained in Paragraph 12 are denied. The Plaintiff accelerated the loan only after being notified by several suppliers of Defendant Harris' failure to pay for materials and labor. Additionally, Defendant Harris made at least one attempt to extend the terms of the loan and obtain further financing in attempts to cover up his fraud. Fortunately, the Plaintiff denied any further advances on the loan based upon the clearly false plans presented by Defendant Harris at that point.

13. The allegations stated in the un-numbered paragraph beginning with the words "WHEREFORE, PREMISES CONSIDERED", requesting damages for lost profits, other

damages, including any assets to which Defendant Harris' claims to be entitled are denied.

WHEREFORE, PREMISES CONSIDERED, OU Bank prays this Court enter an order dismissing the counter-claims against OU Bank, with prejudice.

### RESPONSE TO AND MOTION TO DISMISS THIRD PARTY COMPLAINT AGAINST JIM CASSIDY AND JIM CASSIDY CONSTRUCTION, LLC

14. Paragraphs 13-19, and the un-numbered paragraph beginning with the words "WHEREFORE, PREMISES CONSIDERED", requesting damages against Jim Cassidy and Jim Cassidy Construction, LLC, and both un-numbered paragraphs beginning with the word "FURTHER" requesting damages from Jim Cassidy and Jim Cassidy Construction, LLC, require no response from OU Bank.

15. Fed. R. Bank. P. 7014, which incorporates Rule 14 of the Federal Rules of Civil Procedure, requires the Defendant to obtain This Court's approval prior to the commencement of a third-party action. The alleged Third Party Plaintiff has failed to do so, and the allegations against the Third Party Defendant should be dismissed.

16. Pursuant to Rule 14(a)(4), Plaintiff OU Bank moves to strike the third-party claim against Jim Cassidy, Individually, and Jim Cassidy Construction, LLC, due to the Defendant's failure to obtain This Court's approval to commence this third-party action.

**WHEREFORE PREMISES CONSIDERED**, Oxford University Bank seeks an order of this Court dismissing the counter-claims filed by Mike Harris, II, and for such other and further relief to which it may be entitled.

**FURTHER,** Oxford University Bank seeks an order of this Court dismissing the third-party claims filed by Mike Harris, II, against Jim Cassidy and Jim Cassidy Construction, LLC,

and for such other and further relief to which it may be entitled.

Respectfully Submitted, this, the 18th day of February, 2020.

                        OXFORD UNIVERSITY BANK

                By:    /s/ William F. Schneller
                        William F. Schneller (MSB #6559)
                        Jones & Schneller, PLLC
                        Post Office Box 417
                        Holly Springs, MS 38635
                        Phone: (662)252-3224
                        Fax: (662) 252-2858

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney for Oxford University Bank, do hereby certify that I have this day filed the foregoing pleading via ECF, which sent electronic notice of such filing to the following:

Jeffrey A. Levingston
jleving@bellsouth.net, MSO1@ecfbis.com

David E. Rozier, Jr., on behalf of Defendant Michael G. Harris, II and H Five, LLC
dave@rozierlawfirm.com, pam@rozierlawfirm.com, jhicks@rozierlawfirm.com

United States Trustee
USTPRegion056.AB.ECF@usdoj.gov

Dated: February 18, 2020

/s/William F. Schneller
Willaim F. Schneller